Law Offices of
MATTHEW C. DAVIDSON, LTD.
1859 N. Grand Ave. Suite 1
Nogales, AZ, 85621
(520) 281-0433
Matthew C. Davidson, SBN 015021
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | Case NO. 11CR-00794-01 |
| ) | |
| Plaintiff, ) | APPEAL FROM MAGISTRATE'S ORDER |
| ) | GRANTING GOVERNMENT'S MOTION FOR |
| vs. ) | PROTECTIVE ORDER |
| ) | |
| 1. DINO SISNEROS, ) | |
| ) | |
| Defendant. ) | |

Excludable delay under 18 U.S.C. 3161(h)(1)(F) will occur as a result of this motion or of an order based thereon.

Defendant, by and through counsel undersigned, hereby appeals the Magistrate's decision granting the Government's Motion for Protective Order as it relates to sharing information with Defendant. Previously, Defendant Sisneros had no objection to the Government's Motion for Protective Order as long as the order language specifically allowed for providing a copy of the disclosure **to the client** with the precautions as specified by the Government. This Appeal is supported by the following Memorandum of Points and Authorities.

***Memorandum of Points and Authorities***

***Facts:***

This case involves the generic accusation of mortgage fraud. The indictment attempts to explicitly set forth 18 separate real estate transactions from 2003 to 2007. The indictment was filed on March 3, 2011. Mr. Sisneros is alleged to have been part of each real estate transaction in some capacity. The initial disclosure was over 49,000 pages. The Government also provided their breakdown or "binder" for each real estate transaction. That disclosure generally consists of loan applications, HUD statements, escrow instructions, option purchase agreements, disbursement checks, and bank records among other financial records. Many of these documents are documents are Sisneros loan documents, documents prepared by Sisneros, or Sisneros bank records.

At the hearing on the Government's Motion for Protective Order, the Government stated that their primary concern was dissemination of "private information" including serial numbers and dates of birth. The Government also noted that Mrs. Sisneros was charged with identity theft. Defendant Sisneros argued that he needed a copy of these historical documents so that he could properly reconstruct each transaction and defend himself. On May 25, 2011, the Magistrate ordered as follows:

> Defense counsel receiving documents or other information in any form of discovery which disclosure that contains the street address, telephone number, social security number, date of birth, bank account number, insurance policy number membership number, employee identification number, state or

1
2
3
4
5
6
>       federal driver's license or other personal identifying
>       information **shall not** sell, rent, lease, loan transfer, use
>       as collateral for a loan, **or otherwise provide or
>       distribute in hard copy or in electronic form** any of said
>       alleged identifying information or the substance thereof **to
>       any person (including defendants)** without further order of
>       the Court.  **This order shall not prevent defense counsel
>       from showing or discussing with their respective clients
>       all such documents with alleged personal identifying
>       information and other evidence related to specific named
>       witnesses under the direct supervision of defense counsel
>       or their agents.** (emphasis added)

7
8
9
Counsel then was prohibited from effectively copying any of the disclosure for his client to review.  Counsel was also given the task of directly "supervising" his client during the review of disclosure.

10
11
12
***Law:***

The Constitution guarantees criminal defendants `a meaningful opportunity to present a complete defense. *Holmes v. South Carolina*, 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986)). This right includes, "at a minimum, ... the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987); *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) ("The right to offer the testimony of witnesses... is in plain terms the right to present a defense, **the right to present the defendant's version of the facts**.... The accused has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.").

1   　　　　The Sixth Amendment guarantees a defendant the right to
2   effective assistance of counsel at all critical stages of a criminal
3   proceeding. *United States v. Gonzalez*, 113 F.3d 1026, 1029 (9th Cir.
4   Page 1248 1997). Critical stages include those in which "potential
5   substantial prejudice to defendant's rights inheres in the particular
6   confrontation and . . .[counsel may] help avoid that prejudice."
7   *Schantz v. Eyman*, 418 F.2d 11, 13 (9th Cir. 1969) (internal quotation
8   marks omitted). The Supreme Court has further defined a "critical
9   stage" in criminal proceedings as one which affects the defendant's
10  right to a fair trial. *United States v. Wade*, 388 U.S. 218, 226
11  (1967).
12  　　　　Here, the Government had investigated and constructed its case
13  against Defendant over years.  They have had possession of the
14  documents in question, upon information and belief, for years.  Many
15  of the documents involved are Sisneros documents (Co-Defendants Dino
16  and Melissa Sisneros) meaning their contracts, their applications for
17  loans, their bank records.  Although Counsel hasn't gotten there yet,
18  there was a search warrant executed of the Sisneros residence where
19  many of their documents and personal records were seized, including,
20  but not limited to, attorney/client protected documents and/or
21  information.  Over this period of time, it would seem that the
22  Government would address their own concerns about personal information
23  by redaction.  Certainly, redaction is seen throughout disclosure of
24  smaller cases.  Why should a larger case be any different?  Obviously,
25  the Government is in the best position financially and logistically to
    redact its own discovery.

It is Defendant's position that the current order prevents and/or hinders Defendant's ability to prepare his own defense and confront his accuser. This is a document case. These transactions must be reconstructed. Many of these documents are his documents. The individual who needs to reconstruct the transactions is Defendant Sisneros.

In addition, Counsel is given the task of "direct supervision" of the client during this review process. The parameters of direct supervision are not known. For example, can the client take notes? What notes? Logistically and from a cost perspective, Defendant Sisneros is at a disadvantage. Counsel offices in Nogales as do Co-Counsels Fink and Vettiyil. Does the client have to come down to Nogales to review disclosure under Counsel's supervision at $125/hour. Are investigators expected to bring the disclosure for review with the client to Tucson?

Defendant proposes that this Court order the Government to redact from the disclosure the personal information at issue, and allow Counsel to provide a redacted version to Defendant. Defendant should also be able to have copies of his own documents. For example of the 18 transactions as set forth on page 7 of the indictment, transactions 6, 7, 11, 12, 15, 16 and 17 are ones where the Sisneros are the buyer(s) or applicant(s). Obviously, Defendant Sisneros doesn't need birth dates, social security numbers, credit card numbers, bank statement numbers or the like to defend himself. If there was an issue of identifying information being pertinent to the defense,

Counsel could show or discuss the information with Defendant under direct supervision as previously ordered by the Magistrate.

If the Government cannot redact, Defendant has requested a paralegal in this case to assist in the organization and indexing of the disclosure for all Defendants.  Although said motion has not yet been granted, a paralegal could also perform this tedious task.

In addition, if documents have been seized from the Sisneros residence after execution of a search warrant, certainly copies of those documents should be returned to the Defendant.

WHEREFORE, Defendant requests that the relief set forth above be granted to insure his Sixth Amendment rights to confront his accuser and to have effective representation of counsel are preserved.

RESPECTFULLY SUBMITTED this 8th day of June, 2011.

                                                                      */s/Matthew C. Davidson*
                                                                      Matthew C. Davidson,
                                                                      Attorney for
                                                                      Defendant

Copy of the foregoing
mailed this 8th day of
June, 2011 to;

Assistant United States Attorney

Co-Counsel